Jonathan A. Dessaules, State Bar No. 019439
Rachel W. Maron, State Bar No. 016080
**DESSAULES LAW GROUP**
5353 North 16th Street, Suite 110
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com
rmaron@dessauleslaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Griffin Cagney, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| National Firearms Dealer Network, LLC, | |
| Defendant | |

Plaintiff Griffin Cagney alleges the following for his complaint in this matter:

**PARTIES AND JURISDICTION**

1. Cagney is a resident of Maricopa County, Arizona.

2. Defendant National Firearms Dealer Network, LLC ("NFDN") is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

3. Federal question jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction exists under the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court based on Defendants' presence and actions and/or inaction occurring in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

5. Defendant is an "employer" as defined in 29 U.S.C. § 203(d) and A.R.S. §§ 23-350(3) and 362(B).

6. Cagney is a former employee of NFDN.

7. NFDN employed Cagney as Director of Information Technology starting on or about May 20, 2012. He was initially employed as an "exempt" employee under the Federal Fair Labor Standards Act ("FLSA") and paid him on a salary basis.

8. At some point during his employment, NFDN changed Cagney's title to Vice President of Information Technology and, in or about 2013, switched him to an hourly wage.

9. Cagney continued to work long hours, regularly working in excess of forty hours per week, with the reasonable expectation that he would be paid for the time he actually worked for NFDN. Even those weeks when Cagney did not exceed more than forty hours per week, he rarely (if ever) worked less than 30-35 hours per week.

10. After switching Cagney from salary to hourly-based compensation, NFDN paid Cagney only for the hours that NFDN declared that he worked and his paychecks varied based on NFDN's number. In many cases, NFDN deliberately manipulated the number of hours Cagney worked in order to avoid paying him for all of the hours he actually worked.

11. NFDN regularly adjusted Cagney's hours so that most weeks it appeared he worked significantly less than forty hours per week.

12. As a result of NFDN's improper and unlawful downward adjustments to his time records, Cagney was paid less than the total amount owed to him based on the hours he worked and, on certain occasions, resulted in pay periods where Cagney was paid less than the minimum wage as required by law.

13. Cagney routinely worked in excess of forty hours per week during his employment with NFDN. However, NFDN failed to pay him overtime wages as required by law.

14. NFDN failed to keep accurate time records for Cagney and altered the time records in order to pay Cagney less than amount he was owed.

15. Cagney's own records of his hours confirm that NFDN improperly and unlawfully altered his hours in NFDN's timekeeping system.

16. Upon information and belief, NFDN's computer records, including raw data in its SQL database and RIFD readers, confirm that NFDN improperly and unlawfully altered Cagney's hours.

## COUNT ONE

(Violation of FLSA - Overtime)

17. Cagney incorporates the foregoing allegations as if set forth fully herein.

18. Defendant willfully failed to compensate Cagney for overtime hours worked as required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207.

19. During most, if not all, of his employment with Defendant, Cagney was not exempt from the FLSA's overtime requirements.

20. As the direct result of Defendant's violation of the FLSA, Cagney suffered lost wages.

21. Cagney is entitled to receive compensation at a rate of one and one-half times his regular hourly rate for all hours he worked in excess of forty hours in any work week plus liquidated damages pursuant to 29 U.S.C. § 216(b).

22. Defendant's violation of the FLSA's overtime provisions was willful.

## COUNT TWO

(Violation of FLSA – Minimum Wage)

23. Cagney incorporates the foregoing allegations as if set forth fully herein.

24. Defendant failed to pay Cagney in accordance with the FLSA's minimum wage requirements, 29 U.S.C. § 206.

25. As the direct result of Defendant's violation of the FLSA minimum wage requirements, Cagney suffered lost wages.

26. Cagney is entitled to recover all unpaid wages and liquidated damages pursuant to 29 U.S.C. § 216(b).

27. Defendant's violation of the FLSA's minimum wage provisions was willful.

## COUNT THREE

(Violation of Arizona Minimum Wage Act)

28. Cagney incorporates the foregoing allegations as if set forth fully herein.

29. Defendant failed to pay Cagney in accordance with the Arizona Minimum Wage Act, A.R.S. § 23-363(A).

30. As the direct result of Defendant's violation of the Arizona Minimum Wage Act, Cagney suffered lost wages.

31. Cagney is entitled to recover all unpaid wages, including interest thereon, and an additional amount equal to twice the underpaid wages pursuant to A.R.S. § 23-364(G).

32. Defendant's violation of the Arizona Minimum Wage Act was willful.

## COUNT FOUR

(Violation of Arizona Wage Act)

33. Cagney incorporates the foregoing allegations as if set forth fully herein.

34. Defendant failed to pay Cagney in accordance with the Arizona Wage Act, A.R.S. § 23-351(c).

35. As the direct result of Defendant's violation of the Arizona Wage Act, Cagney suffered lost wages.

36. Cagney is entitled to recover his lost wages plus treble the amount of unpaid wages pursuant to A.R.S. § 23-355(A).

WHEREFORE, Cagney requests judgment as follows:

A. An award of unpaid wages, overtime wages, unpaid minimum wages, liquidated damages under the FLSA, statutory damages under the Arizona Minimum Wage Act, and treble damages pursuant to the Arizona Wage Act in an amount to be determined at trial;

B. Pre-judgment and post-judgment interest on unpaid back wages;

C. Attorneys' fees pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-341.01, and A.R.S. § 23-364(G);

D. Court costs and costs of litigation pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-341, and A.R.S. § 23-364(G); and

E. Such other and further relief as the Court determines is just and proper.

DATED this 7th day of July 2015.

                          DESSAULES LAW GROUP

                          By:   /s/ Jonathan A. Dessaules
                               Jonathan A. Dessaules
                               Rachel W. Maron
                               *Attorneys for Plaintiff*