John F. Lomax (#20224)
Manuel H. Cairo (#024339)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: mcairo@swlaw.com
Attorneys for Defendant National Firearms Dealer Network, LLC

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Griffin Cagney,<br><br>  Plaintiff,<br><br>  vs.<br><br>National Firearms Dealer Network, LLC,<br><br>  Defendant | No. 2:15-cv-01264-JJT<br><br>**JOINT PROPOSED CASE MANAGEMENT PLAN** |

Pursuant to the Court's August 6, 2015 Order Setting Rule 16 Case Management Conference, the parties submit this joint proposed Case Management Plan in advance of the Rule 16 case management conference currently scheduled for September 28, 2015 at 1:30 p.m.

**I.    NATURE OF CASE.**

   **A.    Plaintiff's Statement of the Case.**

Plaintiff was an employee of National Firearms Dealer Network, LLC ("NFDN"). Although initially classified as an exempt employee and paid a salary, NFDN at some point switched him to an hourly wage. He worked long hours, often in excess of forty hours per week, but at least thirty hours per week. After switching him to an hourly wage, NFDN began altering Plaintiff's time sheets and paying him less than the total hours he worked. NFDN shorted Plaintiff a countless number of hours and, in many cases, ultimately paid him less than the minimum wage as required by law.

For example, NFDN paid Plaintiff as follows for the following two-week pay periods:

| Pay Period | Total Hours | Gross Pay |
|---|---|---|
| 1/25/2014-2/7/2014 | 2.19 | $47.37 |
| 2/22/2014-3/7/2014 | 4.29 | $92.79 |
| 3/8/2014-3/21/2014 | 9.75 | $210.89 |
| 4/6/2014-4/19/2014 | 10.63 | $229.93 |
| 7/13/2014-7/26/2014 | 11.30 | $223.76 |
| 8/24/2014-9/06/2014 | 13.00 | $257.43 |
| 1/25/2015-2/07/2015 | 0.65 | $14.06 |
| 2/08/2015-2/21/2015 | 15.75 | $340.67 |

During these two-week pay periods, Plaintiff worked significantly more than the number of hours that NFDN wrote down that he worked and for which it paid him. He routinely worked during this time a minimum of thirty hours per week, but NFDN did not keep accurate records and/or deliberately manipulated the records in order to pay Plaintiff far less than he should have received on an hourly basis. NFDN also failed to pay him overtime, both based on the hours actually reflected in the time records and based on the tampering of his time records.

**B.     Defendant's Statement of the Case.**

NFDN is a technology provider to the United States firearms industry. It provides eCommerce platforms to firearm retailers and aggregates consumer behavior data for the creation of predictive analytics. NFDN also offers firearm manufacturers a consolidated means to drive consistent advertising imagery and messages across an electronic network of dealers.

To support these general business operations, NFDN hired Plaintiff on or about July 9, 2012, as its Director of Information Technology. His position required him to perform various administrative- and computer- related duties concerning matters of significance and the application of technical skill. Plaintiff earned an annual salary of $45,000, which NFDN paid to

him in bi-monthly checks totaling the gross amount of $1,730.77. As such, NFDN properly classified Plaintiff's position as exempt from the overtime and minimum wage pay provisions of the Fair Labor Standards Act ("FLSA").

In or about May 2013, NFDN demoted Plaintiff from Director of Information Technology to Vice President of Information Technology due to poor performance. Plaintiff's classification under the FLSA also changed from "exempt" to "non-exempt" at this time and NFDN required him to punch in and out of the office using NFDN's electronic time clock system. Notwithstanding NFDN's directive and repeated requests, however, Plaintiff did not consistently use NFDN's electronic time system in accordance with NFDN's policies and procedures. NFDN admonished Plaintiff and attempted to cure his defiance and timekeeping errors by using other company records documenting time worked by Plaintiff.

Plaintiff rarely worked over 40 hours while classified as "non-exempt" under the FLSA. At all times relevant NFDN paid Plaintiff for all hours worked, and thus all wages due and owing. Tellingly, Plaintiff never disputed the information reflected on his time sheets despite always having that opportunity.

NFDN terminated Plaintiff's employment on or about April 17, 2015, due to worsening and uncorrected poor performance. NFDN paid him all wages due and owing on April 24, 2015, which is the sooner of seven of Plaintiff's working days or NFDN's next regular payday. Plaintiff is currently not entitled to, or owed any, additional remunerations of any kind.

**IV.   ELEMENTS OF PROOF.**

    **A.   Claims.**

    **Count One: Violation of FLSA – Overtime.**

Plaintiff regularly worked over 40 hours in a workweek. Defendant failed to compensate Plaintiff for overtime hours worked in an amount equal to one and a half times his regular rate of pay as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Defendant bears the burden of keeping accurate records of its employees' wage and hour information. 29

3

U.S.C. § 211(c). Because Defendant either failed to keep such records or altered them, Plaintiff must only demonstrate that he did in fact perform work for which he was improperly compensated and produce sufficient evidence to show the amount and extent of his work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds*. The burden then shifts to Defendant to produce evidence of the precise amount of work performed or with evidence to negate the reasonable inference to be drawn from Plaintiff's evidence. If Defendant fails to meet this burden, Plaintiff is entitled to damages even if the amount is only approximate. *Id.*

Because Defendant's violation of the FLSA was willful, Plaintiff is entitled to recover his unlawfully withheld overtime pay for three years back from the date he filed this action as well as liquidated damages in an amount equal to twice the amount of his unpaid overtime compensation. 29 U.S.C. §§ 255(a), 216(b). To show willfulness, Plaintiff must demonstrate that Defendant "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

### **Count Two: Violation of FLSA – Minimum Wage**

Defendant failed to compensate Plaintiff in accordance with the FLSA's minimum wage provision, 29 U.S.C. § 206. Defendant bears the burden of keeping accurate records of its employees' wage and hour information. 29 U.S.C. § 211(c). Because Defendant either failed to keep such records or altered them, Plaintiff must only demonstrate that he did in fact perform work for which he was improperly compensated and produce sufficient evidence to show the amount and extent of his work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds*. The burden then shifts to Defendant to produce evidence of the precise amount of work performed or with evidence to negate the reasonable inference to be drawn from Plaintiff's evidence. If Defendant fails to meet this burden, Plaintiff is entitled to damages even if the amount is only approximate. *Id.*

Because Defendant's violation of the FLSA was willful, Plaintiff is entitled to recover his unlawfully withheld pay for three years back from the date he filed this action as well as liquidated damages in an amount equal to twice the amount of his unpaid overtime compensation. 29 U.S.C. §§ 255(a), 216(b). To show willfulness, Plaintiff must demonstrate that Defendant "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

**Count Three: Violation of Arizona Minimum Wage Act**

For several weeks throughout Plaintiff's employment, Defendant failed to pay him at least the prevailing minimum wage pursuant to A.R.S. § 23-363. Accordingly, Plaintiff is entitled to receive his unpaid wages plus an additional amount equal to twice the unpaid wages. A.R.S. § 23-364(G). Because Defendant's violation was willful, Defendant is liable for Plaintiff's unpaid wages plus liquidated damages going back three years. A.R.S. § 23-364(H).

**Count Four: Violation of Arizona Wage Act**

Defendant failed to pay Plaintiff all wages due on each regular payday as required under A.R.S. § 23-351(C). Defendant further failed to pay Plaintiff all wages due during the statutorily prescribed period after the separation of his employment. A.R.S. § 23-353.

**B.     Affirmative Defenses.**

**First Affirmative Defense**

Plaintiff's claims are barred by the statute of limitations for failure to commence the action within two years of their alleged accrual. Section 255 provides that "every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). While the employer bears the burden of proving the statute of limitations bars the claim, Plaintiff bears the burden of pleading and proving that a violation is willful. *Mclaughlin*, 486 U.S. at 135 (finding that plaintiffs must prove a willful violation, which is "considered synonymous with such words as 'voluntary,'

'deliberate,' and 'intentional.'"). To establish willfulness, Plaintiff must prove NFDN "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.*

Additionally, actions brought under the Arizona Minimum Wage Act "may be commenced no later than two years after a violation last occurs, or three years in the case of a willful violation." A.R.S. § 23-364(H). Because any alleged wrongdoing by the NFDN was at most a reasonable mistake, the statute of limitations bars Plaintiff's claims.

### Second Affirmative Defense

To the extent bearing on Plaintiff's claims, NFDN defends that its actions were taken on the good faith reliance of any written administrative regulation, order, ruling, approval, or interpretation of the Administrator of the U.S. Department of Labor Wage & Hour Division or any administrative practice or enforcement policy of the Administrator. 29 U.S.C. § 259. The employer bears the burden of pleading and proving the actions were taken in good faith in actual conformity with and in reliance on the Administrator while that policy was in effect. *Alvarez v. IBP, Inc.*, 339 F.3d 894 (9th Cir. 2003) (requiring the employer to show that it acted as a reasonably prudent person under the circumstances and have honest intentions).

### Third Affirmative Defense

Although NFDN denies liability, NFDN asserts, to the extent liability exists, no liquidated damages are available under FLSA § 216(b) because NFDN acted in good faith and with reasonable grounds for believing that its acts or omissions did not violate the Act. 29 U.S.C. § 260. To satisfy Section 260, NFDN bears the burden of proving both subjective good faith and objective reasonableness. *Alvarez*, 339 F.3d at 910 (stating that courts retain discretion to withhold a liquidated damages award, or to award less than the statutory liquidated damages total, where an employer shows good faith and it acted with reasonable grounds of FSLA compliance). Section 216(b) provides that any employer held liable for violations of Sections 206 & 207 are additionally liable for liquidated damages in equal amount. 29 U.S.C. § 216(b).

**Fourth Affirmative Defense**

NFDN asserts that estoppel is applicable due to Plaintiff's deceptive time reporting practices while employed with NFDN. Where an employer has no knowledge that an employee is engaging in work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the work, the employer's failure to pay for the hours is not a violation of Sections 206 or 207. *See Forrester v. Roth's I. G. A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) (noting that an employer must have an opportunity to comply with the FLSA and when an employee prevents an employer from acquiring knowledge of alleged uncompensated hours, there is no violation).

**Fifth Affirmative Defense**

Plaintiff is not entitled to compensation because he was designated an "exempt employee" while employed with NFDN. 29 U.S.C. § 13(a)(1). Section 213(a)(1) exempts employers from compensating employees the minimum wage and overtime amounts in accordance with §§ 206 & 207. The employer bears the burden of pleading and proving the § 13(a)(1) exemptions. *Walling v. Gen. Indus. Co.*, 330 U.S. 545, 547–48 (1947) (upholding the district court's findings that engineers were "executive employees" due to their regular pay, extensive benefits, and irregular work hours).

**Other Avoidances**

(a) With respect to some or all of Plaintiff's claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

(b) Plaintiff's claim is barred because NFDN paid Plaintiff the wages he was due.

(c) To the extent Plaintiff is owed any wages, NFDN has a reasonable good faith basis to dispute the amount of wages due.

(d) Without admitting Plaintiff suffered any injury or damage, Plaintiff's claims are barred by Plaintiff's failure to take reasonable steps to avoid or otherwise mitigate the claimed damages.

7

(e) Plaintiff's claims are barred as a result of his actions and representations to NFDN.

(f) NFDN did not commit any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized, ratified, or had actual knowledge of any such acts.

(g) To the extent Plaintiffs seeks compensation for preliminary and postliminary activities, any such compensation is barred by the Portal-to-Portal Act.

(h) Plaintiff has suffered no damages, and some or all of the relief sought by Plaintiff cannot be recovered without specific proof of amounts owed or damages.

### III. FACTUAL AND LEGAL ISSUES IN DISPUTE

A. Whether Plaintiff worked more than 40 hours in any work week while employed by Defendant.

B. Whether Defendant's wage and hour records accurately reflect the hours Plaintiff worked.

C. Whether Plaintiff was compensated for all hours worked, including overtime hours, pursuant to Arizona and Federal law.

D. Whether Plaintiff was exempt from the FLSA's overtime requirements.

E. Whether Defendant paid Plaintiff in accordance with applicable State and Federal law.

F. Whether Defendant acted in good faith with respect to the matters covered by Plaintiff's claims.

G. Whether Plaintiff actually worked any of the hours he now claims were not compensated.

H. Whether Plaintiff failed to comply with Defendant's policies and procedures concerning proper timekeeping methods.

I. Whether Defendant knowingly required or allowed Plaintiff to work.

**IV.   JURISDICTIONAL BASIS**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**V.   PARTIES NOT YET SERVED**

All Parties in this matter have been served. Defendant has answered the Complaint.

**VI.   PARTIES NOT SUBJECT TO COURT'S JURISDICTION**

All Parties are subject to the Court's jurisdiction.

**VII.   CONTEMPLATED MOTIONS AND STATEMENT OF ISSUES**

**A.   Plaintiff**

Plaintiff anticipates that the issue of liability may be resolved on a motion for summary judgment.

**B.   Defendant**

Depending on how discovery unfolds, Defendant may also file a motion for summary judgment at the close of discovery.

**VIII.   U.S. MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE OR TRIAL**

At this time, the Parties do not believe this case is suitable for reference to a Magistrate Judge for trial. However, the Parties remain open to participating in a settlement conference with a Magistrate Judge at some later time.

**IX.   RELATED CASES PENDING**

There are no related cases pending.

**X.   DISCUSSION OF ANY ISSUES RELATING TO DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

The parties anticipate that there may be a significant amount of electronically stored data in this matter as it relates to Plaintiff's cell phone records, computer access, and incident report records, among other things. The parties will work collaboratively to identify the most efficient ways to manage and handle the electronic data based on its existing formatting and accessibility.

**XI. PROPOSED DEADLINES**

| | | |
|---|---|---|
| (a) | Motions to amend Complaint and/or join additional parties: | December 1, 2016 |
| (b) | Completion of fact discovery: | May 27, 2016 |
| (c) | Disclosure of expert testimony (Plaintiff): | December 18, 2016 |
| (d) | Disclosure of expert testimony (Defendant): | January 15, 2016 |
| (e) | Disclosure of rebuttal expert testimony: | February 19, 2016 |
| (f) | Disclosure of all witnesses, exhibits and other matters under Rule 26(a)(3): | September 16, 2016 |
| (g) | Closure of all discovery: | May 27, 2016 |
| (h) | Deadline to Engage in Settlement Talks: | December 4, 2015 |
| (i) | Deadline to File Dispositive Motions: | June 24, 2016 |

**XII. SCOPE OF DISCOVERY**

The Parties anticipate serving interrogatories, requests for production of documents, and requests for admission and no more than six depositions.

**XIII. CHANGES IN LIMITATIONS ON DISCOVERY**

The Parties do not anticipate the need for any such changes.

**XIV. ESTIMATED LENGTH OF TRIAL**

The parties anticipate trial of this matter will take two to four days.

**XV. JURY TRIAL**

The Parties agree to a jury trial in this matter.

**XVI. PROSPECTS FOR SETTLEMENT**

The Parties anticipate being prepared to discuss a potential settlement by the date indicated above.

**XVII. PROPOSED CLASS ACTION DATES**

Not applicable.

## XVIII. COMPLEX TRACK

This case is not suitable for the complex litigation track.

## XIX. OTHER MATTERS

None.

DATED this 17th day of September 2015.

                            DESSAULES LAW GROUP

By:   s/Jonathan A. Dessaules (w/permission)
       Jonathan A. Dessaules
       Rachel W. Maron
       *Attorneys for Plaintiff*

SNELL & WILMER LLP

By:   s/Manuel H. Cairo
       John F. Lomax
       Manuel H. Cairo
       *Attorneys for Defendant*